IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEONARD C. SANDOVAL,<br><br>        Plaintiff,<br><br>vs.<br><br>CHAD E. OLDEHOEFT, LEONARD E. OLDEHOEFT, MURPHY GROUP, INC., an Oklahoma Corporation; and MURPHY INDUSTRIES, LLC,<br><br>        Defendants. | **4:12CV3129**<br><br>**MEMORANDUM AND ORDER** |
| NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>        Plaintiff,<br><br>vs.<br><br>CHAD E. OLDEHOEFT, LEONARD E. OLDEHOEFT, MURPHY GROUP, INC., an Oklahoma Corporation; and MURPHY INDUSTRIES, LLC,<br><br>        Defendants. | **8:13CV102** |

The above-captioned cases arise from an accident that occurred on August 1, 2011 when a pivot irrigation system owned and operated by the Oldehoeft defendants fouled a railroad track and was struck by an National Railroad Passenger Corporation ("Amtrak") train. As a result of the collision, the Amtrak train was damaged and Sandoval, the Amtrak engineer, was injured. The irrigation system's errant path was allegedly caused by a faulty switch manufactured by the Murphy defendants. Amtrak seeks recovery for the damages to its train, and Sandoval seeks damages arising from his personal injuries.

Sandoval filed suit against the Oldehoeft defendants (the farm tenants) and the landowner, Doris Hall, on June 21, 2012. (12cv3129, Filing No. 1). Hall was voluntarily dismissed from the case. On September 21, 2012, the Oldehoeft defendants filed a Third Party Complaint against the Murphy defendants, claiming that if the Oldehoeft defendants

are liable for plaintiff's injuries, then the Murphy defendants are liable to the Oldehoefts for the amounts owed to Sandoval. The Murphy defendants answered the Third Party Complaint on October 26, 2012.

Based on the representations in the parties' Rule 26(f) report, a final progression order was entered in <u>Sandoval</u> on January 16, 2013. Under that order, the Sandoval expert disclosures were due on May 15, 2013; the Oldehoeft and Murphy expert disclosures were due on June 14, 2013; *Daubert* motions were due on July 15, 2013; and trial was set for November 18, 2013.

Sandoval moved to amend his complaint to add the Murphy parties as defendants on January 16, 2013. The amended complaint was filed on February 3, 2013, and answered by the Murphy defendants on February 7, 2013. On the unopposed motion of the Oldehoeft defendants, an order was entered on February 25, 2013 which continued the trial to December 2, 2013.

Amtrak filed its lawsuit against the Oldehoeft and Murphy defendants on March 27, 2013. (8:13cv102, National Railroad Passenger Corporation v. Oldehoeft et al). The filing of all ensuing pleadings, including answers, a crossclaim against the Murphy defendants, and the answer to that crossclaim, was completed by June 4, 2013. The parties' Rule 26(f) report was filed on June 13, 2013.

On July 5, 2013, the Oldehoeft defendants moved to consolidate the Amtrak and Sandoval cases for both discovery and trial. (8:13-cv-00102, Filing No. 42). Amtrak does not oppose consolidation. The Murphy defendants do not oppose consolidation, provided the December 2, 2013 trial date set in <u>Sandoval</u>, and the associated deadlines leading to that date are extended. Sandoval does not oppose consolidation provided his trial date is not continued.

In Sandoval, the Murphy defendants filed a motion on July 3, 2013 to identify an expert witness out of time. (Filing No. 116). See also Filing No. 121. The Murphy defendants acknowledge that the expert disclosure deadline was June 14, 2013, but explain that until Chad Oldehoeft was deposed on June 21, 2013 regarding the events leading to the accident, the Murphy defendants had no reason to retain an accident reconstruction expert. The Oldehoeft defendants do not object to the motion, provided the Court also permits them to file a rebuttal expert witness disclosure within 45 days of the Murphy defendants' accident reconstruction expert disclosure. Sandoval claims no extension should be granted because the Oldehoeft deposition provides no foundation for the opinions of an accident reconstruction expert.

On July 15, 2013, Sandoval moved to file a *Daubert* motion out of time. (Filing No. 125). Sandoval explains that upon review of the report of Oldehoeft's IME medical expert received by Sandoval's counsel on July 3, 2013, a *Daubert* motion is warranted, but could not be filed on or before the July 15, 2013 deadline. Sandoval requests a one-month extension of the *Daubert* motion deadline. The defendants have not responded to Sandoval's motion and the deadline for responding has passed. The motion is deemed submitted.

Both of the above-captioned cases were reassigned to Senior Judge Richard G. Kopf on August 2, 2013.

Upon review of the parties' submissions, the defendants, liability issues, and witnesses are the same in both cases. In the interest of judicial economy and limiting litigation costs and the inconvenience on witnesses and jurors, the court finds consolidation of the above-captioned cases for both discovery and trial is warranted.

With the exception of Amtrak, all the parties have been engaged in litigation over the August 2011 accident since no later than October 26, 2012.

Accordingly,

IT IS ORDERED that:

A. The motion to consolidate, (8:13-cv-00102, Filing No. 42), is granted. The above-captioned cases are consolidated for all stages of the case prior to appeal, including trial as follows:

  1) <u>Sandoval v. Oldehoeft, et. al</u>, 4:12-cv-3129 is hereby designated as the "Lead Case," and <u>National Railroad Passenger Corporation v. Oldehoeft et al</u>, 8:13-cv-102, is designated as a "Member Case."

  2) The court's CM/ECF System has the capacity for "spreading" text among consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in the Member Case. To this end, the parties are instructed to file in the Lead Case, <u>Sandoval v. Oldehoeft, et. al</u>, 4:12-cv-3129, all further documents except those described in paragraph 3 and to select the option "yes" in response to the System's question of whether to spread the text.

  3) The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal.

  4) If a party believes that an item in addition to those described in paragraph 3 should not be filed in both of these consolidated cases, the party must move for permission to file the item in only one of the cases. The motion must be filed in both of the consolidated cases using the spread text feature.

B. The Murphy defendants' motions to disclose an accident reconstruction expert witness out of time, (<u>Sandoval v. Oldehoeft, et. al</u>, 4:12-cv-3129, filing nos. 116 and 121), and the plaintiff's motion to continue the *Daubert* deadline, (<u>Sandoval v. Oldehoeft, et. al</u>, 4:12-cv-3129, filing no. 125), are granted.

C. The progression order for the above-captioned consolidated cases is as follows:

  1) The jury trial is set to commence before Richard G. Kopf, Senior United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on **December 2, 2013**, or as soon thereafter as the case may be called, for a duration of five (5) trial days. This case is subject to the prior trial of criminal cases and such other civil cases as may be scheduled for trial before this one. Jury selection will be held at the commencement of trial.

2)     The Pretrial Conference is scheduled to be held before the undersigned magistrate judge on **November 14, 2013** at **10:00 a.m.**, and will be conducted by WebEx conferencing. To facilitate this conferencing method, the parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to zwart@ned.uscourts.gov, in either Word Perfect or Word format, by 5:00 p.m. on November 13, 2013. An email will be sent to counsel of record with the instructions and codes for participating in the pretrial conference by WebEx.

3)     A telephonic conference with the undersigned magistrate judge will be held on **October 22, 2013** at **11:30 a.m.** to discuss the status of case progression and potential settlement. The court will provide calling instructions for the conference call.

4)     The deadline for moving to amend pleadings or add parties is September 16, 2013.

5)     The deadline for completing written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure is November 1, 2013. Motions to compel Rule 33 through 36 discovery must be filed by October 18, 2013.

6)     Expert witness disclosures:

    a.     As to <u>accident reconstruction</u> experts in <u>Sandoval</u>, the deadlines for complete expert disclosures, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the Murphy defendants:     August 16, 2013
        For Sandoval, Amtrak, and the Oldehoefts:     September 16, 2013

    No other expert disclosures deadlines are extended in <u>Sandoval.</u>

    b.     As to <u>National Railroad Passenger Corporation v. Oldehoeft et al</u>, the deadlines for complete expert disclosures, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the plaintiff:     August 16, 2013
        For the defendants:     September 16, 2013

7)     The deposition deadline is November 1, 2013.

8)     The deadline for filing motions to dismiss and motions for summary judgment is November 1, 2013.

9)     *Daubert* motions related to medical experts shall be filed on or before August 15, 2013. As to all other experts, the deadline for filing motions to exclude testimony on *Daubert* and related grounds is October 15, 2013.

10)     All other deadlines set forth in the court's prior progression orders, (4:12-cv-03129, filing no. 53 and 8:13-cv-00102, filing no. 36), remain in effect.

August 5, 2013.

                                                             BY THE COURT:

                                                             *s/ Cheryl R. Zwart*
                                                             United States Magistrate Judge