IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEONARD C. SANDOVAL, | ) | CIVIL ACTION No: 4:12-CV-3129 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHAD E. OLDEHOEFT, LEONARD E. | ) | |
| OLDEHOEFT, MURPHY GROUP, INC., | ) | |
| an Oklahoma Corporation; and | ) | |
| MURPHY INDUSTRIES, LLC, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | CIVIL ACTION No: 4:12-CV-3129 |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION d/b/a AMTRAK, | ) | |
| | ) | STIPULATED |
| Plaintiff, | ) | PROTECTIVE ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| CHAD E. OLDEHOEFT, LEONARD E. | ) | |
| OLDEHOEFT, DORIS HALL, MURPHY | ) | |
| GROUP, INC., an Oklahoma | ) | |
| Corporation; and MURPHY | ) | |
| INDUSTRIES, LLC, | ) | |
| | ) | |
| Defendants. | | |

THIS MATTER came on for consideration the Parties' stipulation for entry of a

Protective Order to preserve the confidentiality of certain documents. Pursuant to

Nebraska Rule of Discovery § 6-326(c), IT IS HEREBY ORDERED AS FOLLOWS:

I.

1.     Whereas Defendants, Murphy Group, Inc., and Murphy Industries, LLC, will

be producing engineering drawings and related documents related to their 117 switch

and their 518 switch, and Quality Procedure documents that outline the system for the control and distribution of documents related to the Quality Management System. Said documents are hereinafter collectively referred to as "Product Development Documents."

2.    The parties agree that the Product Development Documents contain confidential and proprietary business information. The Product Development Documents, all information contained therein, and any summaries thereof shall be used solely for the purposes of the instant litigation and for no other purposes. Such information shall not be used in or for other cases, proceedings, disputes, or for any commercial, business, competitive, or other purposes whatsoever, unless expressly authorized by modification of this Order.

3.    The Product Development Documents and any information contained therein shall not be revealed to any person or entity except for:

a.    the parties' counsel;

b.    the parties themselves and their officers, employees and agents, including insurers, who have a need to know for purposes of this litigation;

c.    paralegal and clerical staff;

d.    expert witnesses or consultants engaged by counsel for the parties to this action to assist in the prosecution of this action, who have agreed to be bound by the terms of this Order by executing the Nondisclosure Agreement attached as Exhibit "A"; and

e.    the Court and court personnel.

4.    Counsel for all parties shall be responsible for preserving the confidentiality of the material subject to this Order by informing those to whom any disclosure is made

about the terms of this Order and prior to any disclosure to an expert witness or consultant, by obtaining an executed Nondisclosure Agreement as required by paragraph 3 (d).

5.　　If any person, group, entity, agency, or court subpoenas or orders the production or disclosure of the Product Development Documents or any information contained therein, then the attorney of record for the party to whom such subpoena or other court order has been directed shall within three (3) days give written notice to the other party and its counsel of record of the pendency of such subpoena or order prior to complying with it.

6.　　Nothing contained in this Order shall prejudice the right of any party at any time to contest the alleged relevancy, admissibility, legal effect or consequence of the Product Development Documents.

7.　　In the event that any party wishes to submit to the Court the Product Development Documents or any information contained therein the party shall notify all parties to the litigation prior to doing so. Before trial, counsel for the parties shall agree to the appropriate means to protect the confidentiality of the information that counsel desire to present at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

8.　　The Court shall impose appropriate sanctions upon any person or entity who grants access to the confidential information contrary to the terms of this Order. Sanctions may include but are not limited to: contempt, consequential damages, costs, attorney's fees (if permitted), and other appropriate relief.

9.　　Within thirty (30) days of the final termination of this proceeding counsel for

all each party hereto shall either destroy or return the Confidential Information produced and certify the same. Counsel for each party hereto will continue to maintain the confidentiality of the Information after the destruction or return of the Information and this Protective Order shall be binding at all time in the future.

10.     Any waiver under this Order must be in writing or, if at a deposition or in Court, on the record. Any waiver, unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protections provided by this Order.

II.

11.     Whereas Plaintiff, National Railroad Passenger Corporation d/b/a Amtrak, will be producing its locomotive, Unit 14, digital video camera, recorder, and event recorder data regarding the August 1, 2011, irrigation accident that happened near Exeter, Nebraska. Said documents and items are hereinafter collectively referred to as "LDVR" and "ER."

12.     The parties further agree that the LDVR and ER contain confidential information. The LDVR and ER are the sole and exclusive property of Amtrak and is considered sensitive, proprietary and privileged and subject to copyright protection. The LDVR and ER shall be used solely for the purposes of the instant litigation and for no other purposes. Such information shall not be used in or for other cases, proceedings, disputes, or for any commercial, business, or other purposes whatsoever, including that they shall not be disseminated to the Internet or any other media or electronic media unless expressly authorized by modification of this Order.

13.     The LDVR and ER and any information contained therein shall not be

revealed to any person or entity except for:

     a.     the parties' counsel;

     b.     the parties themselves and their officers, employees and agents, including insurers, who have a need to know for purposes of this litigation;

     c.     paralegal and clerical staff;

     d.     expert witnesses or consultants engaged by counsel for the parties to this action to assist in the prosecution of this action, who have agreed to be bound by the terms of this Order by executing the Nondisclosure Agreement attached as Exhibit "A"; and

     e.     the Court and court personnel.

14.     Counsel for all parties shall be responsible for preserving the confidentiality of the LDVR and ER subject to this Order by informing those to whom any disclosure is made about the terms of this Order and prior to any disclosure to an expert witness or consultant, by obtaining an executed Nondisclosure Agreement as required by paragraph 12(d).

15.     If any person, group, entity, agency, or court subpoenas or orders the production or disclosure of the LDVR and ER or any information contained therein, then the attorney of record for the party to whom such subpoena or other court order has been directed shall within three (3) days give written notice to the other party and its counsel of record of the pendency of such subpoena or order prior to complying with it.

16.     Nothing contained in this Order shall prejudice the right of any party at any time to contest the alleged relevancy, admissibility, legal effect or consequence of the LDVR and ER.

17.     In the event that any party wishes to submit to the Court the LDVR and ER or any information contained therein the party shall notify all parties to the litigation prior to doing so. Before trial, counsel for the parties shall agree to the appropriate means to protect the confidentiality of the information that counsel desire to present at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

18.     The Court shall impose appropriate sanctions upon any person or entity who grants access to the confidential information contrary to the terms of this Order. Sanctions may include but are not limited to: contempt, consequential damages, costs, attorney's fees (if permitted), and other appropriate relief.

19.     Within thirty (30) days of the final termination of this proceeding counsel for all each party hereto shall either destroy or return the LDVR and ER produced and certify the same. Counsel for each party hereto will continue to maintain the confidentiality of the Information after the destruction or return of the Information and this Protective Order shall be binding at all time in the future.

20.     Any waiver under this Order must be in writing or, if at a deposition or in Court, on the record. Any waiver, unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protections provided by this Order.

IT IS SO ORDERED with the consent of the parties, this 6th   . day of

September_____, 2013.

                                    BY THE COURT:

                                    _____
                                    United States Magistrate Judge

*The foregoing Stipulated Protective Order was prepared and submitted by:*

      Stephen L. Ahl, #10036
      Krista M. Carlson, #23905
      Wolfe, Snowden, Hurd, Luers & Ahl, LLP
      Wells Fargo Center
      1248 "O" Street, Suite 800
      Lincoln, NE 68508
      (402) 474-1507
      sahl@wolfesnowden.com
      kcarlson@wolfesnowden.com
      ATTORNEY FOR
      MURPHY GROUP, INC., and MURPHY
      INDUSTRIES, LLC, Third-Party Defendants,

*Stipulated as to Form and Content:*

      _____  8-29-13
      John P. Mullen, #12966
      Mullen Law Firm
      222 South 72nd Street, Suite 301
      Omaha, NE 68114
      Phone: (402) 341-1080
      Email: mullenlaw_john@qwestoffice.net
      ATTORNEY FOR PLAINTIFF, AMTRAK

James L. Cox , Jr., #
BRENT COON & ASSOCIATES
3801 East Florida Ave., Suite 905
Denver, CO 80210-2500
Phone: (303) 756-3243
Email: jlm.cox@bcoonlaw.com
ATTORNEY FOR PLAINTIFF, LEONARD SANDOVAL


Brandon P. Hull, #22349
Lindsay W. Jay, #34091
OVERTURF, MCGATH LAW FIRM
625 East 16th Avenue, Suite 100
Denver, CO 80203
Phone:  (303) 860-2848
Email: bph@omhdlaw.com
       lwj@omhdlaw.com
ATTORNEYS FOR CHAD OLDEHOEFT


Robert S. Lannin, #17941
SHIVELY, LANNIN LAW FIRM
4400 South 86th St., Suite 100
Lincoln, NE 68526
Phone: (402) 488-5044
Email: rlannin@shivelylaw.com
ATTORNEY FOR LEONARD OLDEHOEFT


Gary J. Nedved, Esq.
KEATING, O'GARA, NEDVED & PETER, P.C., L.L.O.
530 S. 13th Street, Suite 100
Lincoln, NE  68508
Email: GJNedved@keatinglaw.com
ATTORNEY FOR DEFENDANT DORIS HALL

James L. Cox, Jr., # 20223
BRENT COON & ASSOCIATES
3801 East Florida Ave., Suite 905
Denver, CO 80210-2500
Phone: (303) 756-3243
Email: jim.cox@bcoonlaw.com
ATTORNEY FOR PLAINTIFF, LEONARD SANDOVAL

Brandon P. Hull, #22349
Lindsay W. Jay, #34091
OVERTURF, MCGATH LAW FIRM
625 East 16th Avenue, Suite 100
Denver, CO 80203
Phone: (303) 860-2848
Email: bph@omhdlaw.com
        lwj@omhdlaw.com
ATTORNEYS FOR CHAD OLDEHOEFT

Robert S. Lannin, #17941
SHIVELY, LANNIN LAW FIRM
4400 South 86th St., Suite 100
Lincoln, NE 68526
Phone: (402) 488-5044
Email: rlannin@shivelylaw.com
ATTORNEY FOR LEONARD OLDEHOEFT

Gary J. Nedved, Esq.
KEATING, O'GARA, NEDVED & PETER, P.C., L.L.O.
530 S. 13th Street, Suite 100
Lincoln, NE 68508
Email: GJNedved@keatinglaw.com
ATTORNEY FOR DEFENDANT DORIS HALL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEONARD C. SANDOVAL, | ) | CIVIL ACTION No: 4:12-CV-3129 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHAD E. OLDEHOEFT, LEONARD E. | ) | |
| OLDEHOEFT, MURPHY GROUP, INC., | ) | |
| an Oklahoma Corporation; and | ) | |
| MURPHY INDUSTRIES, LLC, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | CIVIL ACTION No: 4:12-CV-3129 |
| ON d/b/a AMTRAK, | ) | |
| | ) | |
| Plaintiff, | ) | NON-DISCLOSURE |
| | ) | AGREEMENT |
| vs. | ) | |
| | ) | |
| CHAD E. OLDEHOEFT, LEONARD E. | ) | |
| OLDEHOEFT, DORIS HALL, MURPHY | ) | |
| GROUP, INC., an Oklahoma | ) | |
| Corporation; and MURPHY | ) | |
| INDUSTRIES, LLC, | ) | |
| | ) | |
| Defendants. | | |

I, _____, do hereby acknowledge that I have received and read a copy of the attached Stipulated Protective Order entered in the above-captioned matter, and I agree to be bound by the terms of the Order, and may be subject to the jurisdiction of this Court for enforcement of all terms of the Order and for judicial action for any violation of the Order.

Exhibit "A"
Referred to in Stipulated Protection Order

DATED this _____ day of _____, 2013.


_____
Signature

_____
Printed Name

_____
Relationship to this lawsuit


STATE OF _____     )
                             ) ss.
COUNTY OF _____    )

Subscribed and sworn to before me this _____ day of _____, 2013.


_____
Notary Public


Exhibit "A"
Referred to in Stipulated Protection Order